X. Young Lai, #275396
Law Offices of X. Young Lai
111 N Market St. Ste 300
San Jose, CA 95113
TEL: (408)228-3995
FAX: (866)610-9505
gagelegal@gmail.com

Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIANMAO ZHU,<br><br>        Plaintiff<br><br>        vs.<br><br>TYE-TAZY LIN a.k.a. TYE TAZY LIN, JAMES LIN; an individual;<br>L N T ENTERPRISE, INC. d.b.a. BEIJING RESTAURANT, a corporation qualified to do business in California,<br><br>        Defendants. | CASE NO.:<br><br>COMPLAINT<br><br>(1)    Failure to Pay Overtime Compensation Under FLSA, 29 USC §§ 207, 216;<br>(2)    Failure to Pay Minimum Wage Under Cal. Lab. Code §§ 1182.12, 1194, 1194.2, 1197; California Minimum Wage Order (MW-2007); The Code of the City of Santa Clara, California, §3.20.040;<br>(3)    Failure to Pay Overtime Compensation Under Cal. Lab. Code §§1194, 510, 515;<br>(4)    Failure to Timely Pay Wages Due and Owning Upon Termination of Employment Under Cal. Lab. Code, §§ 201,202,203, 218.5;<br>(5)    Failure to Provide Rest and Meal Periods Under Cal Lab. Code, §§ 226.7 and 512 and IWC ORDER 5-2001;<br>(6)    Failure to Furnish Accurate Itemized Wage Statements Under Cal. Lab. Code §226;<br>(7)    Unfair Competition Under CAL. UCL §§ 17200-17210;<br>(8)    Private Attorney General Act of 2004<br><br><br>UNLIMITED JURISDICTION<br><br><br>JURY TRIAL DEMANDED |

## JURISDICTION

1.     This Court has federal question jurisdiction over Plaintiff's Fair Labor Standards Act (FLSA) claims pursuant to 28 USC § 1331, since this action is authorized and instituted pursuant to 29 USC § 216(b).

2.     The corporate Defendant L N T ENTERPRISE, INC. d.b.a. BEIJING RESTAURANT, as the employer, has an annual gross volume of sales no less than $500,000, and has employees engaged in the production or processing of food, or otherwise working on food or food materials, handling and selling food, beverages, and liquors, that have been moved in or produced for commerce by any person. Plaintiff TIANMAO ZHU, as the employee, was, at all times relevant herein, engaged in the production or processing of food, or otherwise working on food or food materials for commerce.

3.     This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. Plaintiff's state law claims are so closely related to his federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

## VENUE

4.     Venue is appropriate in this Court under 28 U.S.C. § 1391 because the events giving rise to this complaint occurred in Santa Clara County, California. Plaintiff is and was at all times relevant herein a resident of Santa Clara County of California.

5.     The corporate Defendant L N T ENTERPRISE, INC. d.b.a. BEIJING RESTAURANT is a corporation incorporated under the laws of California with its principal place of the restaurant business located at 1460 Halford Ave, City of Santa Clara, Santa Clara County, California.

6.     A substantial part of the events or omissions giving rise to the claims occurred in Santa Clara County, California. At all times relevant herein, Defendants employed Plaintiffs at its Santa Clara County location and conducted regular, substantial, and sustained business activity in the State of California.

## PARTIES

7.     The principal place of business of the corporate Defendant L N T ENTERPRISE, INC. d.b.a. BEIJING RESTAURANT (hereinafter "BEIJING RESTAURANT") is located at 1460 Halford Ave, City of Santa Clara, Santa Clara County, California.

8.     Plaintiff is informed and believes, and thereon alleges that individual Defendant TYE-TAZY LIN a.k.a. TYE TAZY LIN or JAMES LIN (hereinafter "LIN") is a resident of the Santa Clara County of California.

9.     Plaintiff TIANMAO ZHU is a resident of the Santa Clara County of California.

10.     The venue is appropriate in this Court because a substantial part of the events or omissions giving rise to the claims occurred and the employment agreement was entered into in Santa Clara County, California.  At all times relevant herein, Defendants employed Plaintiff and conducted regular, substantial, and sustained business activity at its Santa Clara County location.

**FICTITIOUS NAMED DEFENDANTS AND ALTER EGO ALLEGATION**

11.     The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants named herein as DOES 1 through 10, are unbeknownst to Plaintiff, who thereby sues these defendants by such fictitious names.  Plaintiff will pray leave of this Court to amend this Complaint to allege their true names and capacities once ascertained. Plaintiff is informed and believes, and thereon alleges that each defendant designated herein is responsible in some actionable manner for the occurrences and injuries alleged herein.

12.     At all times herein relevant, defendants, and each of them, was an owner, a co-owner, an agent, representative, partner, and/or alter ego of its co-defendants, or otherwise acting on behalf of each and every remaining defendant and, in doing the things hereinafter alleged, were acting within the course and scope of their authorities as an owner, a co-owner, an agent, representative, partner, and/or alter ego of its co-defendants, with the full knowledge, permission and consent of each and every remaining defendant, each co-defendant having ratified the acts of the other co-defendants.

13.     Plaintiff is informed and believes, and thereon alleges that each of the defendants named herein as Does 1 through 10, inclusive, were and are in some manner responsible for the actions, acts and omissions herein alleged, and for the damages caused by the defendants, and are, therefore, jointly and severally liable for the damages caused to Plaintiff.

14.     Plaintiff is informed and believes and thereon alleges that each of the defendants including Does 1 through 10, inclusive, were, at all times herein relevant, acting in concert with, and in conspiracy with, each and every one of the remaining defendants.

15.     Wherever appearing in this Complaint, each and every reference to defendants or to any of them is intended to be and shall be a reference to all defendants herein, and to each of them, named and unnamed, including all fictitiously named defendants, unless said reference is otherwise specifically qualified.

16.     Plaintiff is informed and believes, and thereon alleges that each of the defendants, including all fictitiously named defendants (hereinafter collectively referred as "Defendant Shareholders"), are, and at all times herein relevant were, shareholders of the stock and/or promoters of BEIJING RESTAURANT and/or subscribers to stock therein.  There exists, and at all times herein relevant existed, a unity of interest between Defendant Shareholders and BEIJING RESTAURANT such that any individuality and separateness between the Defendant Shareholders and BEIJING RESTAURANT have ceased, and BEIJING RESTAURANT is the alter ego of Defendant Shareholders as follows:

a.     Plaintiff alleges that BEIJING RESTAURANT is, and all times herein relevant was, a mere shell and sham without capital, assets, stock or stockholders.  BEIJING RESTAURANT was conceived, intended, and used by Defendant Shareholders as a device to avoid individual liability and for the purpose of substituting a financially insolvent corporation in the place of Defendant Shareholders.  At no time after BEIJING RESTAURANT became incorporated was any stock authorized to be issued or issued nor has any permit for issuance of stock applied for with the Commissioner of Corporations.

b.     Plaintiff alleges that BEIJING RESTAURANT is, and at all times herein relevant was, so inadequately capitalized that, compared with the business to be done by BEIJING RESTAURANT and the risks of loss attendant therein, their capitalization was illusory or trifling.

c.     Plaintiff alleges that BEIJING RESTAURANT is, and at all times herein relevant was, the alter egos of Defendant Shareholders and there exists, and at all times herein relevant has existed, a unity of ownership between Defendant Shareholders and BEIJING RESTAURANT such that any separateness has ceased to exist in that Defendant Shareholders used assets of BEIJING RESTAURANT for personal use, caused assets of BEIJING RESTAURANT to be transferred to them without adequate consideration, and withdrew funds from BEIJING RESTAURANT'S bank

accounts for their personal use.

d.    Plaintiff alleges that BEIJING RESTAURANT is, and at all times relevant herein was, a mere shell, instrumentality and conduit through which Defendant Shareholders carried on their business in the name of BEIJING RESTAURANT exactly as they conducted it previous to incorporation exercising complete control and dominance of such business to such an extent that any individuality or separateness of BEIJING RESTAURANT and Defendant Shareholders does not now, and at any time herein relevant did not, exist.

e.    Plaintiff alleges that BEIJING RESTAURANT is, and at all times herein relevant was, controlled, dominated, and operated by Defendant Shareholders as their individual business and alter ego, in that the activities and business of BEIJING RESTAURANT were carried out without the holding of Directors or Shareholders meetings, no records or minutes of any corporate proceedings were maintained, and Defendant Shareholders entered into personal transactions with BEIJING RESTAURANT, without the approval of other directors or shareholders.

f.    Plaintiff alleges that adherence to the fiction of separate existence of BEIJING RESTAURANT as an entity distinct from Defendant Shareholders would permit abuse of the corporate privilege and would sanction fraud in that Defendant Shareholders caused funds to be withdrawn from BEIJING RESTAURANT and distributed said funds without any consideration to BEIJING RESTAURANT, all for the purpose of avoiding and preventing attachment and execution by creditors, including Plaintiff, thereby render BEIJING RESTAURANT insolvent and unable to meet its obligations.

g.    Plaintiff alleges that adherence to the fiction of separate existence of BEIJING RESTAURANT as an entity distinct from Defendant Shareholders would permit abuse of the corporate privilege and produce an inequitable result in that Defendant Shareholders represented to Plaintiff that said shareholders would be responsible for corporate obligations and the transaction complained of herein was entered into under the belief that Defendant Shareholders were, in reality, the true parties obligated.

h.    Plaintiff alleges that adherence to the fiction of separate existence of BEIJING RESTAURANT as an entity distinct from Defendant Shareholders would permit abuse of the

corporate privilege and produce an inequitable result in that Defendant Shareholders guaranteed certain of BEIJING RESTAURANT'S obligations, thereby enabling BEIJING RESTAURANT to return to active business, without adequate financing and without capital stock, and to invite the public generally, and Plaintiff, in particular, to deal with BEIJING RESTAURANT to Plaintiff's loss as herein pleaded.

17.     As a result of the acts, and omissions complained of hereinabove, said Defendant Shareholders are jointly and severally liable, for all relief sought herein against BEIJING RESTAURANT by Plaintiff.

18.     At all times relevant herein, all corporate Defendants and individual Defendants are the joint employers of Plaintiff, and they controlled Plaintiff's work conditions, wages, and hours, suffer or permit Plaintiff to work, or have a common-law employment relationship with Plaintiff, or they participated in and/or ratified the wrongful conduct alleged herein.

**FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

19.      On or about September 1, 2019, Defendants employed Plaintiff as a full-time non-exempt cook.

20.     At all times relevant herein, Defendant LIN was the owner and manager of BEIJING RESTAURANT. LIN and Doe-defendants controlled Plaintiff's work conditions, wages, and hours, suffered and permitted Plaintiff to work, and participated in and/or ratified the wrongful conduct alleged herein, and they were the joint employers of Plaintiff.

21.     On or about March 5, 2021, Plaintiff quitted his position after having an altercation with Defendant LIN.

**COUNT 1-FAILURE TO PAY OVERTIME COMPENSATION UNDER FLSA**

22.     Plaintiff re-alleges and incorporates by reference the allegations in each and every paragraph hereinabove, as though fully set forth hereto.

23.     Pursuant to 29 USC § 207, "no employer shall employ any of his employees…, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

24.     From September 1, 2019, through February 25, 2021, Plaintiff generally worked six (6) days a week. On weekdays, he worked nine and a half (9.5) hours per day from 10:30 a.m. until 9:00 p.m. with a one-hour shift break between 3:00 p.m. and 5:00 p.m.  On weekend days, he worked 10 hours per day from 10:30 a.m. until 9:30 p.m. with a one-hour shift break between 3:00 p.m. and 5:00 p.m.  Plaintiff generally had a day-off on Wednesday. As such, he labored 58 hours per week with 18 hours' overtime.

25.     From the middle of March through April 2020, during about six (6) weeks,  Plaintiff was required to work seven (7) days a week because Defendants laid off some employees, and Defendant paid him  $150 cash for his labor on the seventh days.

26.     Defendants willfully violated these provisions when they failed to compensate Plaintiff at a rate not less than one and one-half times the regular rate of pay for hours worked in excess of 40 hours per week, as required, by among other things,  intentionally understating the hourly rate and the overtime hours.

27.     Pursuant to 29 USC § 207, Plaintiff is entitled to overtime compensation for the overtime hours worked for which he has not been compensated, in an amount to be determined at trial.  Pursuant to 29 USC § 216(b), Plaintiff is also entitled to an equal amount as liquidated damages in addition to reasonable attorney fees and costs, each in an amount to be determined at trial.

**COUNT 2 –- FAILURE TO PAY MINIMUM WAGE UNDER STATE LAW**

28.     Plaintiff re-alleges and incorporates by reference the allegations in each and every paragraph hereinabove, as though fully set forth herein.

29.     Pursuant to California Minimum Wage Order (MW-2007) and Cal. Lab. Code, § 1182.12, for any employer who employs 25 or fewer employees, the state minimum wage was: (a) from January 1, 2019, through December 31, 2019, eleven dollars ($11) per hour; (b) from January 1, 2020, through December 31, 2020,  twelve dollars ($12) per hour; (c) from January 1, 2021, to December 31, 2021, thirteen dollars ($13) per hour.

30.     Pursuant to section 3.20.040 of The Code of the City of Santa Clara, California, the city minimum wage was (a) from January 1, 2019, through December 31, 2019,  fifteen dollars ($15) per hour; (b) from January 1, 2020, through December 31, 2020, fifteen dollars and forty cents ($15.40) per hour; (c) from January 1, 2021, to December 31, 2021, fifteen dollars and sixty-five ($15.65) per hour.

31. Every employer shall pay to each employee minimum wages for "all hours worked." (Cal. Code Regs., tit. 8, § 11050, subd. 4(A).) The payment of a less amount than the minimum wage is unlawful under Cal. Lab. Code, § 1197.

32. Cal. Lab. Code § 515 (d) (2) provides: "[p]ayment of a fixed salary to a nonexempt employee shall be deemed to provide compensation only for the employee's regular, nonovertime hours, notwithstanding any private agreement to the contrary."

33. From September 1, 2019, through February 25, 2021, Plaintiff generally worked six (6) days a week. On weekdays, he worked nine and a half (9.5) hours per day from 10:30 a.m. until 9:00 p.m. with a one-hour shift break between 3:00 p.m. and 5:00 p.m. On weekend days, he worked 10 hours per day from 10:30 a.m. until 9:30 p.m. with a one-hour shift break between 3:00 p.m. and 5:00 p.m. Plaintiff generally had a day-off on Wednesday. As such, he labored 58 hours per week with 18 hours' overtime.

34. From the middle of March through April 2020, during about six (6) weeks, Plaintiff was required to work seven (7) days a week because Defendants laid off some employees, and Defendant paid him $150 cash for cash for his labor on the seventh days.

35. As orally agreed upon, Plaintiff's after-tax monthly salary was initially $4,000 and it was raised to $4,200 in or about May-June 2020. The payments of Plaintiff's salary were in the form of a combination of checks and cash.

36. Defendants failed to pay Plaintiff the minimum wages, and in particular, Defendants paid Plaintiff nothing for the overtime hours worked, as he was a salaried employee and the salary compensated him only for his regular, nonovertime hours.

37. Pursuant to Cal. Lab. Code §1194, Plaintiff is entitled to the unpaid balance of the full amount of this minimum wage, including interest thereon, reasonable attorney's fees, and costs of suit.

38. Pursuant to Cal. Lab. Code § 1194.2, Plaintiff is also entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

**COUNT 3- FAILURE TO PAY OVERTIME COMPENSATION UNDER STATE LAW**

39. Plaintiff re-alleges and incorporates by reference the allegations in each and every paragraph hereinabove, as though fully set forth herein.

40.     Pursuant to Cal. Lab. Code § 510, Industrial Welfare Commission (thereafter "IWC") Order 5-2001, Defendants were required to pay Plaintiff for any work in excess of eight (8) hours in one workday and in excess of forty (40) hours in any one workweek at the rate of no less than one and one-half (1-1/2) times their regular rate of pay, and any work in excess of twelve (12) hours in one day and any work in excess of eight (8) hours on the seventh day of a workweek at the rate of no less than twice their regular rate of pay, and any work in excess of eight (8) hours on any seventh (7th) day of a workweek at the rate of no less than twice the regular rate of pay of an employee.

41.     Cal. Lab. Code § 515 (d) (1) provides: "[f]or the purpose of computing the overtime rate of compensation required to be paid to a nonexempt full-time salaried employee, the employee's regular hourly rate shall be1/40th of the employee's weekly salary."

42.     Cal. Lab. Code § 515 (d) (2) provides: "[p]ayment of a fixed salary to a nonexempt employee shall be deemed to provide compensation only for the employee's regular, nonovertime hours, notwithstanding any private agreement to the contrary."

43.     Defendants willfully violated the provision when they failed to compensate Plaintiff for his overtime hours as he was a salaried employee and the salary compensated him only for his regular, nonovertime hours.

44.     Pursuant to Cal. Lab. Code §1194, Plaintiff is entitled to the unpaid balance of the full amount of this overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

### COUNT 4-FAILURE TO TIMELY PAY WAGES DUE AND OWING UPON TERMINATION OF EMPLOYMENT UNDER STATE LAW

45.      Plaintiff re-alleges and incorporates by reference the allegations in each and every paragraph hereinabove, as though fully set forth herein.

46.     Pursuant to Cal. Lab. Code § 201, the wages earned and unpaid at the time of discharge are due and payable immediately.  Pursuant to Cal. Lab. Code § 202, the wages earned and unpaid at the time of resignation are due and payable not later than 72 hours thereafter.

47.     Defendants violated the provisions when they willfully failed to pay Plaintiff the minimum and overtime wages and other compensations upon the termination of their employment.

48.     Pursuant to Cal. Lab. Code § 203, Plaintiff is entitled to 30 days' wages as a penalty.

49.     Pursuant to Cal. Lab. Code § 218.5, Plaintiff is entitled to reasonable attorney's fees and costs.

## COUNT 5-FAILURE TO PROVIDE REST AND MEAL PERIODS UNDER STATE LAW

50.     Plaintiff re-alleges and incorporates by reference the allegations in each and every paragraph hereinabove, as though fully set forth herein.

51.     Pursuant to Cal. Lab. Code §§ 226.7 and 512 and Industrial Welfare Commission (IWC) Order 5-2001, rest periods must be authorized and permitted at the rate of ten (10) minutes for every four (4) hours, and employers must pay nonexempt employees an hour of pay at their regular rate for each workday that a rest break is not provided; meal periods must be authorized and permitted at the rate of thirty (30) minutes for every five (5) hours, and employers must pay nonexempt employees an hour of pay at their regular rate for each workday that a rest period is not provided.

52.     Defendants did not authorize and permit Plaintiff to rest at the rate of ten (10) minutes for every four (4) hours, and/or to have meals at the rate of thirty (30) minutes for every five (5) hours as Plaintiff was required to remain on the premises and on duty at all times, ready to serve patrons who frequently arrived at varied odd hours.

53.     Plaintiff is thus entitled to one hour of pay per workday for rest break violations and one hour of pay per workday for meal break violations, in a total amount to be determined at trial.

## COUNT 6-FAILURE TO FURNISH ACCURATE ITEMIZED WAGE STATEMENTS UNDER STATE LAW

54.     Plaintiff re-alleges and incorporates by reference the allegations in each and every paragraph hereinabove, as though fully set forth hereto.

55.     Pursuant to California Labor Code section 226, every employer shall, semimonthly or at the time of each payment of wages, furnish an employee with an accurate itemized statement in writing.

56.     Defendants willfully violated this provision when they knowingly and intentionally failed to furnish Plaintiff with accurate itemized wage statements by understating, among other things, minimum wages, overtime compensations, split shift premiums, and cash wages. Thus, Defendants failed

to report accurately the "gross wages earned," "total hours worked," "all applicable hourly rate," and "all deductions," within the meaning of subdivision (a) of Cal. Lab. Code § 226.

57.     Pursuant to Cal. Lab. Code § 226 (e) (1), Plaintiff is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial violation and one hundred dollars ($100) for a subsequent violation, up to an aggregated penalty of four thousand dollars ($4,000), and reasonable attorney's fees and costs.

## COUNT 7 - UNFAIR COMPETITION UNDER CAL. UCL §§ 17200-17210

58.     Plaintiff re-alleges and incorporates by reference the allegations in each and every paragraph hereinabove, as though fully set forth herein.

59.     Cal. Bus. & Prof. Code §§ 17200-17210 (California's Unfair Competition Law ("UCL")) prohibits unlawful, unfair, or fraudulent business acts or practice.

60.     Defendants have committed, and upon information and belief continue to commit, on-going unlawful, unfair, or fraudulent business practices within the meaning of the UCL, including, but not limited to:

      a.   Failure to pay minimum wages under California law;

      b.   Failure to pay overtime compensation under California law;

      c.   Failure to provide rest breaks;

      d.   Failure to provide accurate itemized wage statements;

      e.   Failure to pay wages due upon termination of position;

      f.   Failure to prepare and maintain all records required under California law.

61.     The unlawful, unfair, or fraudulent business practice described above has proximately caused damages to Plaintiff and to the general public.

62.     Cal. Bus. & Prof. Code § 17203 authorizes a court to fashion remedies necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, or necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.

63.     Pursuant to the UCL, Plaintiff is entitled to restitution of unpaid minimum and overtime compensation.

64. Pursuant to the UCL, Plaintiff and the general public are entitled to injunctive relief against Defendants' ongoing continuation of such ongoing unlawful, unfair or fraudulent business practices.

**COUNT 8–Actions Under Private Attorney General Act of 2004**

65. Plaintiff re-alleges and incorporates by reference the allegations in each and every paragraph hereinabove, as though fully set forth hereto.

66. California Labor Code section 515, subdivision (d) (2) provides: "[p]ayment of a fixed salary to a nonexempt employee shall be deemed to provide compensation only for the employee's regular, nonovertime hours, notwithstanding any private agreement to the contrary."

67. At all times relevant herein, Defendants set a fixed monthly salary for cooks and cook assistants. For other employees, including kitchen helpers, dishwashers, and waiters, Defendants set a state minimum hourly rate which is below the requisite city minimum hourly rate.

68. Thus, the cooks and cook assistants were not compensated at all for the overtime hours. Furthermore, other employees were compensated below the city minimum wages.

69. California Labor Code section 515, subdivision (d) (1) provides: "[f]or the purpose of computing the overtime rate of compensation required to be paid to a nonexempt full-time salaried employee, the employee's regular hourly rate shall be 1/40th of the employee's weekly salary."

70. Defendants paid fixed salaries to the cooks and cook assistants without compensating them for their overtime work hours. In addition, Defendants did not pay sufficient overtime compensations to other employees, as their hourly rates were below the city minimum hourly rate.

71. Pursuant to California Labor Code section §§ 226.7 and IWC order 5-2001, rest periods must be authorized and permitted at the rate of ten (10) minutes for every four (4) hours, and employers must pay nonexempt employees an hour of pay at their regular rate for each workday that a rest period is not provided.

72. Defendants willfully failed to authorize and permit the employees to have rest periods when the employees worked over four (4) hours.

73. Pursuant to California Labor Code section 201, the wages earned and unpaid at the time of discharge are due and payable immediately. Pursuant to California Labor Code section § 202, the

wages earned and unpaid at the time of resignation are due and payable not later than 72 hours thereafter.

74.     Defendants violated the provisions when they willfully failed to pay the employees the minimum wages, overtime compensations, split shift premiums, and rest period premiums, upon the termination of their employment.

75.     Pursuant to California Labor Code section 226, every employer shall, semimonthly or at the time of each payment of wages, furnish an employee with an accurate itemized statement in writing.

76.     Defendants knowingly and intentionally failed to furnish the employees with accurate itemized wage statements by understating, among other things, minimum wages, overtime compensations, split shift premiums, and cash wages. Thus, Defendants failed to report accurately the "gross wages earned," "total hours worked," "all deductions," and "all applicable hourly rate," within the meaning of subdivision (a) of Cal. Lab. Code § 226.

77.     IWC Order 5-2001 defines a "split shift" as "a work schedule" that "is interrupted by non-paid non-working periods established by the employer, other than bona fide rest or meal breaks." (Cal. Code Regs., tit. 8, § 11050, subd. 2(R).) "When an employee works a split shift, one hour's pay at the minimum wage shall be paid in addition to the minimum wage for that workday, …." (Cal. Code Regs., tit. 8, § 11050, subd. 4(C).)

78.     Defendants generally set two shifts for the employees but failed to pay them the shift-break premiums.

79.     On June 28, 2021, Counsel for Plaintiffs sent a notice to California Labor and Workforce Development Agency ("LWDA") and Defendants pursuant to Cal. Lab. Code § 2699.3. Plaintiffs, by virtue of the attached Exhibit "A," have satisfied all prerequisites to serve as a representative of the general public to enforce California labor laws, including, without limitation, the penalty pursuant to Cal. Lab. Code § 2699.3 (a) (2) (C).

80.     If LWDA does not intend to investigate the alleged violations or no notice of investigation is received from the LWDA in the statutorily proscribed 65-day period since the mailing of the notice of the action, Plaintiffs will amend the Complaint to add this cause of action, as a matter of right provided by Cal. Lab. Code § 2699.3 (a) (2) (C).

81.     The civil penalties include but are not limited to the following:

---

a. Civil Penalty for each underpaid employee for each pay period for which the employee is underpaid minimum wages of $100 for an initial violation and of $250 for each subsequent violation of Cal. Lab. Code §§ 1182.12, 1194, 1194.2, pursuant to Cal. Lab. Code § 1197.1 (a);

b. Civil penalty in the amount of $250 per employee per initial itemized statement violation and $1,000 in each subsequent violation of Cal. Lab. Code §226, pursuant to Cal. Lab. Code § 226.3;

c. Civil penalty of $50 for each employee per day period for each initial violation and $100 for each subsequent violation of IWC ORDER 5-2001, subd. 12 for failure to provide rest breaks, pursuant to Cal. Lab. Code § 558, IWC Order 5-2001, §20;

d. Civil penalty of $100 for each aggrieved employee per pay period for the initial violation, and $200 for each subsequent violation of Cal. Lab. Code §§1194, 510, 515 regarding overtime violations, pursuant to Cal. Lab. Code §2699(f)(2).

e. Civil penalty of $100 for each aggrieved employee per pay period for the initial violation, and $200 for each subsequent violation of Cal. Lab. Code, §§ 201, 202, 203, 218.5 regarding failure to pay wages due upon termination, pursuant to Cal. Lab. Code §2699(f)(2).

f. Civil penalty of $50 for each employee per day period for each initial violation and $100 for each subsequent violation of IWC ORDER 5-2001, subd. 4(C) for failure to pay split shift premiums, pursuant to Cal. Lab. Code § 558, IWC Order 5-2001, §20

82. Pursuant to Cal. Lab. Code § 2699, Plaintiffs are entitled to be awarded twenty-five percent (25%) of all penalties due under California law, in addition to interest, attorneys' fees and costs. The Court should award seventy-five (75%) percent of the penalties due under California law to the State of California.

## PRAYER

WHEREFORE, Plaintiff demands the following for their claims for relief which is more specifically set forth under the various claims:

First Claim for Relief - Unpaid overtime compensation to be determined at the time of trial and in

---

COMPLAINT

excess of $59,910.52., and an equal amount of liquidated damages, plus reasonable attorney fees and costs pursuant to 29 USC § 216(b).

Second Claim for Relief -Unpaid minimum compensation, and an equal amount of liquidated damages to be determined at the time of trial and in excess of $21,914.23, plus reasonable attorney fees and costs pursuant to Cal. Lab. Code §§ 1194.2 and 1194;

Third Claim for Relief- Unpaid overtime compensation to be determined at the time of trial and in excess of $59,910.52., plus reasonable attorney fees and costs pursuant to Cal. Lab. Code § 1194;

Fourth Claim for Relief –Waiting time penalties to be determined at the time of trial and in excess of $6,842.40, pursuant to Cal. Lab. Code § 203, and reasonable attorney fees and costs, pursuant to Cal. Lab. Code § 218.5;

Fifth Claim for Relief- two hours of pay per workday, in a total amount to be determined at trial and in excess of $26, 599;

Sixth Claim for Relief- Damages to be determined at the time of trial and in excess of $3,950;

Seventh Claim for Relief- Restitution of unpaid wages and Permanent Injunction, pursuant to Cal. Bus. & Prof. Code § 17203;

Eighth Claim for Relief- Civil penalties to be determined at the time of trial and in  excess of $838,000;

For each claim, prejudgment interest on unpaid wages at the rate of ten percent (10%) per annum, pursuant to California Labor Code §§ 218.6 and 1194;

For any such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial on this matter by jury.


Dated:  8/2/2021

X. Young Lai, Esq. Attorney for Plaintiff

Exhibit A

# U.S. Postal Service™
# CERTIFIED MAIL® RECEIPT
## Domestic Mail Only

For delivery information, visit our website at *www.usps.com®*.

Campbell, CA 95008

0415

7

| Certified Mail Fee | $3.60 | |
|---|---|---|
| $ | | |

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)          $ $0.00
☐ Return Receipt (electronic)        $ $0.00
☐ Certified Mail Restricted Delivery $ $0.00
☐ Adult Signature Required           $ $0.00
☐ Adult Signature Restricted Delivery $

Postage $7.95

Total Postage and Fees $11.55

06/28/2021

Postmark
Here

Sent To
TYE - TAZY LIN

Street and Apt. No., or PO Box No.
1470 Ontario Lane #C

City, State, ZIP+4®
Campbell, CA 95008

LAW OFFICES OF
111 N MARKET ST, STE 300
SAN JOSE, CA 95113
GAGELEGAL@GMAIL.COM

X. YOUNG LAI
PHONE: 408.228.3995
510.580.8588
FAX: 866.610.9505

June 28, 2021

**VIA CERTIFIED U.S. MAIL**
TYE-TAZY LIN, Agent for
L N T ENTERPRISE, INC.
d.b.a. BEIJING RESTAURANT
1470 Ontario Lane, #C
Campbell, CA 95008

## AMENED NOTICE OF LABOR CODE VIOLATIONS PURSUANT TO LABOR CODE SECTION 2699.3

To:      Department of Industrial Relations
Defendants: L N T ENTERPRISE, INC. d.b.a. BEIJING RESTAURANT, and its owner, director, officer, or managing agent;
From:  Plaintiff: TIANMAO ZHU, on behalf of themselves and all current and former employees who worked at BEIJING RESTAURANT.

To whom it may concern:

Defendants have been running a restaurant business called BEIJING RESTAURANT since January 2013. At all times relevant herein, Defendants set a fixed monthly salary for cooks and cook assistants. For other employees, including kitchen helpers, dishwashers, and waiters, Defendants set a state minimum hourly rate which is below the requisite city minimum hourly rate.

### COUNT 1- FAILURE TO PAY MINIMUM WAGE UNDER CAL. LAB. CODES

Pursuant to California Minimum Wage Order (MW-2007) and Cal. Lab. Code, § 1182.12, for any employer who employs 25 or fewer employees, the state minimum wage was: (a) from January 1, 2020, through December 31, 2020, twelve dollars ($12) per hour; (b) from January 1, 2021, to December 31, 2021, thirteen dollars ($13) per hour.

Pursuant to section 3.20.040 of The Code of the City of Santa Clara, California, the city minimum wage was: (a) from January 1, 2020, through December 31, 2020, fifteen dollars and thirty-five cents ($15.35) per hour; (b) from January 1, 2021, to December 31, 2021, fifteen dollars and sixty-five ($15.65) per hour.

The payment of a less amount than the minimum wage is unlawful under Cal. Lab. Code, § 1197.

Every employer shall pay to each employee minimum wages for "all hours worked." (Cal. Code Regs., tit. 8, § 11050, subd. 4(A).) Under California Labor Code section 515, subdivision (d) (2), when an employee works overtime and is not paid anything for that overtime (such as a non-exempt employee being paid a salary), that is a failure to pay the minimum wage for all hours worked. Thus, the cooks and cook assistants were not compensated at all for the overtime hours, as a monthly salary compensated salaried employees only for regular, nonovertime hours. Furthermore, other employees were compensated below the city minimum wages.

## COUNT 2- FAILURE TO PAY OVERTIME COMPENSATION

Pursuant to California Labor Code section 510 and Industrial Welfare Commission ("thereafter "IWC") Order 5-2001, Defendants were required to pay Plaintiff for any work in excess of eight (8) hours in one workday and in excess of forty (40) hours in any one workweek at the rate of no less than one and one-half (1-1/2) times their regular rate of pay, and any work in excess of twelve (12) hours in one day and any work in excess of eight (8) hours on the seventh day of a workweek at the rate of no less than twice their regular rate of pay.

California Labor Code section 515, subdivision (d) (1) provides: "[f]or the purpose of computing the overtime rate of compensation required to be paid to a nonexempt full-time salaried employee, the employee's regular hourly rate shall be1/40th of the employee's weekly salary."

California Labor Code section 515, subdivision (d) (2) provides: "[p]ayment of a fixed salary to a nonexempt employee shall be deemed to provide compensation only for the employee's regular, nonovertime hours, notwithstanding any private agreement to the contrary."

At all times relevant herein, Defendants paid fixed salaries to the cooks and cook assistants without compensating them for their overtime work hours. In addition, Defendants did not pay sufficient overtime compensations to other employees, as their hourly rates were below the city minimum hourly rate.

## COUNT-3-FAILURE TO PROVIDE REST PERIODS

Pursuant to California Labor Code section §§ 226.7 and IWC order 5-2001, rest periods must be authorized and permitted at the rate of ten (10) minutes for every four (4) hours, and employers must pay nonexempt employees an hour of pay at their regular rate for each workday that a rest period is not provided.

Defendants willfully violated the provisions when they failed to authorize and permit the employees to have rest periods when the employees worked over four (4) hours, as they were required to remain on the premises and on duty at all times, ready to serve patrons who frequently arrived at varied odd hours.

## COUNT 4-FAILURE TO TIMELY PAY WAGES DUE AND OWING UPON TERMINATION OF EMPLOYMENT

Pursuant to California Labor Code section 201, the wages earned and unpaid at the

time of discharge are due and payable immediately. Pursuant to California Labor Code section § 202, the wages earned and unpaid at the time of resignation are due and payable not later than 72 hours thereafter.

Defendants violated the provisions when they willfully failed to pay the employees the minimum wages, overtime compensations, split shift premiums, and rest period premiums, upon the termination of their employment.

## COUNT 5-FAILURE TO FURNISH ITEMIZED WAGE STATEMENTS

Pursuant to California Labor Code section 226, every employer shall, semimonthly or at the time of each payment of wages, furnish an employee with an accurate itemized statement in writing.

Defendants willfully violated this provision when they knowingly and intentionally failed to furnish the employees with accurate itemized wage statements by understating, among other things, minimum wages, overtime compensations, split shift premiums, and cash wages. Thus, Defendants failed to report accurately the "gross wages earned," "total hours worked," "all deductions," and "all applicable hourly rate," within the meaning of subdivision (a) of Cal. Lab. Code § 226.

## COUNT 6-FAILURE TO PAY SHIFT-BREAK PREMIUMS

Wage Order No. 5 defines a "split shift" as "a work schedule" that "is interrupted by non-paid non-working periods established by the employer, other than bona fide rest or meal breaks." (Cal. Code Regs., tit. 8, § 11050, subd. 2(R).) "When an employee works a split shift, one hour's pay at the minimum wage shall be paid in addition to the minimum wage for that workday, …." (Cal. Code Regs., tit. 8, § 11050, subd. 4(C).)

Defendants generally set two shifts for the employees, but fail to pay them the shift-break premiums.

## CIVIL PENALTIES

The civil penalties include but are not limited to the following:

1. Civil Penalty for each underpaid employee for each pay period for which the employee is underpaid minimum wages of $100 for an initial violation and of $250 for each subsequent violation of Cal. Lab. Code §§ 1182.12, 1194, 1194.2, pursuant to Cal. Lab. Code § 1197.1 (a);
2. Civil penalty in the amount of $250 per employee per initial itemized statement violation and $1,000 in each subsequent violation of Cal. Lab. Code §226, pursuant to Cal. Lab. Code § 226.3;
3. Civil penalty of $50 for each employee per day period for each initial violation and $100 for each subsequent violation of IWC ORDER 5-2001, subd. 12 for failure to provide rest breaks, pursuant to Cal. Lab. Code § 558, IWC Order 5-2001, §20;
4. Civil penalty of $50 for each employee per day period for each initial violation and $100 for each subsequent violation of IWC ORDER 5-2001, subd. 4(C) for failure to pay split shift premiums, pursuant to Cal. Lab. Code § 558, IWC

Order 5-2001, §20;
5. Civil penalty of $100 for each aggrieved employee per pay period for the initial violation, and $200 for each subsequent violation of Cal. Lab. Code §§1194, 510, 515 regarding overtime violations, pursuant to Cal. Lab. Code §2699(f)(2).
6. Civil penalty of $100 for each aggrieved employee per pay period for the initial violation, and $200 for each subsequent violation of Cal. Lab. Code, §§ 201,202,203, 218.5 regarding failure to pay wages due upon termination, pursuant to Cal. Lab. Code §2699(f)(2).

It is believed that such violations aforementioned are ongoing, systematic, and continuous, and have injured and continue to injure other similarly situated employees. Plaintiff intends to bring an action against L N T ENTERPRISE, INC. d.b.a. BEIJING RESTAURANT, under the Private Attorneys General Act ("PAGA") on behalf of him and other current and former employees. If permitted, he will seek any and all amounts capable of being collected by the Commission pursuant to Labor Code Section 2699.3 et seq.

Respectfully submitted,

X. Young Lai, Esq., attorney for Plaintiff