C. ZANE BECKER (SBN 260908)
**LAW OFFICE OF C. ZANE BECKER**
45 North First Street, Suite J
Campbell, CA 95008
Tel. (408) 564-6909
zane@czanebecker.com

DANIEL A. MENENDEZ (SBN 260822)
**LAW OFFICE OF DANIEL A MENENDEZ**
1261 Lincoln Avenue, Suite 208
San Jose, California 95125
Tel. (408) 479-4969
Fax (408) 273-6912
daniel@siliconvalleylegal.com

Attorneys for Defendants
JAMES LIN
L N T ENTERPRISE, INC.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| TIANMAO ZHU<br><br>  Plaintiff,<br><br>v.<br><br>TYE-TAZY LIN a.k.a. TYE TAZY LIN, an individual; JAMES LIN, an individual; L N T ENTERPRISE, INC. d.b.a. BEIJING RESTAURANT, a California corporation;<br><br>  Defendants. | Case No. 5:21-cv-05946-NC<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S UNILATERAL DISCOVERY LETTER BRIEF** |

-1-

| Tianmao Zhu v.Tye-Tazy Lin, et al. | Defendants' Response to Plaintiff's Unilateral Discovery Letter Brief | Case No. 5:21-cv-05946-NC |

Defendants TYE-TAZY LIN and L N T ENTERPRISE, INC. hereby respond to plaintiff's unilateral discovery letter brief, which was filed without any supporting documents and is full of inaccuracies. Defendants have repeatedly attempted to meet and confer with plaintiff in good faith to resolve discovery issues without the need for Court intervention. Unfortunately, plaintiff is not willing to meet and confer in good faith and instead has rushed to file a unilateral discovery letter brief even after defendants notified plaintiff they were willing to prepare a joint letter for the Court. As a result, defendants are now placed in a position of filing a responsive letter to address plaintiff's inaccuracies in the unilateral discovery letter brief.

### Attempts to Meet and Confer and Avoid Court Assistance

On June 8, 2022, plaintiff's counsel sent defendants' counsel a meet and confer letter, which was the first time plaintiff identified purported issues with defendants' discovery responses. (*See* Exhibit 1 to Declaration of C. Zane Becker in Support of Defendants' Response to Plaintiff's Unilaterally Filed Discovery Letter Brief[1]). On June 22, 2022, defendants provided supplemental discovery responses and supplemental documents to plaintiff, as well as a lengthy meet and confer email addressing additional discovery issues. (*See* Exhibit 2)

Six (6) weeks later, plaintiff's counsel sent a meet and confer email dated August 4, 2022, but simply cut and pasted the contents of his June 8, 2022 meet and confer letter although defendants had previously addressed those issues. (*See* Exhibit 3) Nonetheless, on August 5, 2022, defendants responded via email to resolve all discovery issues informally without the need for Court intervention. (*See* Exhibit 4)

Plaintiff never responded to defendants' August 5, 2022 meet and confer attempt and instead rushed to file a unilateral discovery letter brief with the Court with no notice he would do so.

---

[1] All references to exhibits herein correspond to those contained in the concurrently filed Declaration of C. Zane Becker in Support of Defendants' Response to Plaintiff's Unilaterally Filed Discovery Letter Brief unless otherwise specified.

-2-

| Tianmao Zhu v.Tye-Tazy Lin, et al. | Defendants' Response to Plaintiff's Unilateral Discovery Letter Brief | Case No. 5:21-cv-05946-NC |

**Alleged Deficiencies in Defendants' Discovery Responses**

Requests for Admissions ("RFAs"): These requests were addressed in defendants' meet and confer email dated August 5, 2022. (*See* Exhibit 4)  Each request was denied by defendants in their discovery responses, but plaintiff has taken the position that "no meaningful answer was provided."  It is worth noting plaintiff responded in the same manner to defendants' Request for Admissions, Set No. One in response to request nos. 17, 19, 20, and 21.  Plaintiff never clarified why defendants' responses were inadequate even though plaintiff responded similarly in plaintiff's discovery responses.  In defendants' August 5, 2022 meet and confer email, defendants' counsel notified plaintiff they were amenable to providing a further supplemental response to these requests, but plaintiff never responded to defendants' meet and confer email and filed a unilateral discovery letter brief with the Court in violation of Local Civil Rule 37-1(b) and (c).

Special Interrogatories ("SI"): These interrogatories were addressed in defendants' meet and confer email dated August 5, 2022 as well. (*See* Exhibit 4) Plaintiff never responded to that email nor attempted to informally resolve these issues with defendants.  Plaintiff rushed to file a unilateral discovery letter brief instead.

Requests for Production of Documents ("RPD"): Defendants have produced over 1,250 pages in documents responsive to plaintiff's document request and supplemented their document production on multiple occasions.  Plaintiff, on the other hand, has produced 25 pages in total. Defendants' counsel attempted to meet and confer with plaintiff regarding plaintiff's RPD in his meet and confer emails dated June 22, 2022 and August 5, 2022. (*See* Exhibits 2, 4) Plaintiff never responded to either email substantively and failed to meet and confer in good faith to resolve any perceived outstanding discovery issues with defendants.  Plaintiff rushed to file a unilateral discovery letter brief instead.

[Rest of page intentionally blank.]

-3-

Tianmao Zhu v.Tye-Tazy Lin, et al. | Defendants' Response to Plaintiff's Unilateral Discovery Letter Brief | Case No. 5:21-cv-05946-NC

### Plaintiff's Contention Defendants Claim They Lost Critical Evidence

Plaintiff is attempting to raise this issue with the Court without first attempting to meet and confer with defendants regarding such. Plaintiff is demanding records from defendants that they are not in possession of since their computer system was damaged during a break-in. Defendants provided plaintiff with supporting documentation from the Santa Clara County Police Department relating to the commercial burglary that took place at their restaurant. (*See* Exhibit 5) It appears plaintiff's issue with defendants' response it not whether defendants provided compliant responses, but instead that plaintiff is not satisfied with the response. As a result, plaintiff is raising this issue with the Court without any attempt to meet and confer in good faith with defendants regarding such.

### Plaintiff's Contention Defendants Thwarted Discovery with Extortion

Plaintiff's allegations are inaccurate, unprofessional, and highly offensive to defendants and their counsel. Plaintiff's counsel is claiming defendants' counsel threatened him in the meet and confer email dated June 22, 2022, which is false. (*See* Exhibit 2) In reality, defendants' counsel notified plaintiff's counsel he was violating the Rules of Professional Conduct by personally soliciting employees and ex-employees to join the case against defendants. Plaintiff's counsel is now attempting to distort the facts to make it look like defendants engaged in wrongdoing instead.

After the parties attended the settlement conference ordered by the Court, plaintiff's counsel informed defendants' counsel via email that he spoke to a former employee (Jun Wei Liang), and that it was "likely" Mr. Liang was joining the case as a plaintiff. (*See* Exhibit 6) Plaintiff's counsel further stated that "this case should be reevaluated" for settlement purposes. (*See* Exhibit 6) However, defendants' counsel also spoke to Mr. Liang and he provided a statement under penalty of perjury which directly contradicted plaintiff's counsel. (*See* Exhibit 7)

Mr. Liang declared under penalty of perjury that plaintiff's counsel personally solicited him to join the case, but he declined. (*See* Exhibit 7) This was a violation of California Rule of

-4-

| Tianmao Zhu v.Tye-Tazy Lin, et al. | Defendants' Response to Plaintiff's Unilateral Discovery Letter Brief | Case No. 5:21-cv-05946-NC |

Professional Conduct 7.3 since plaintiff's counsel went beyond trying to obtain information from a witness and purposely contacted the employee to add him as a plaintiff to the case.

California Rule of Professional Conduct 7.3[2] states:

> (a) A lawyer shall not by in-person, live telephone or real-time electronic contact solicit professional employment when a significant motive for doing so is the lawyer's pecuniary gain, unless the person contacted: (1) is a lawyer; or (2) has a family, close personal, or prior professional relationship with the lawyer.

None of the aforementioned exceptions apply to plaintiff's counsel. Mr. Liang stated under penalty of perjury that Mr. Lai personally contacted him via telephone and asked him to join the case. He declined and said he was not interested in suing the restaurant and didn't want anything to do with plaintiff. (*See* Exhibit 7)

After receiving Mr. Liang's declaration under penalty of perjury, defendants' counsel sent plaintiff the June 22, 2022 meet and confer email. (*See* Exhibit 2) In the meet and confer email, defendants' counsel notified plaintiff's counsel that his conduct was a violation of California Rule of Professional Conduct 7.3 since he went beyond trying to obtain information from a witness and purposely contacted the former employee to add him as a plaintiff to the case. In the same email, defendants' counsel attempted to meet and confer with plaintiff's counsel regarding multiple written discovery issues, and sent plaintiff further supplemental discovery responses and supplemental documents. (*See* Exhibit 2) Now, plaintiff's counsel is alleging defendants' counsel threatened and extorted him, which is false.

In actuality, plaintiff's counsel acknowledged he contacted Mr. Liang; represented that Mr. Liang was "likely" joining the case as a plaintiff; and attempted to use that as leverage to during settlement negotiations. When notified about the issue, plaintiff's counsel attempted to deflect and make false claims of extortion. It's highly unprofessional and inappropriate for plaintiff's counsel to accuse defendants' counsel of threatening and extorting him based on the aforementioned facts.

---

[2] Civil Local Rule 11-4(a)(1) adopts the standards of professional conduct required for members of the State Bar of California.

-5-

| Tianmao Zhu v.Tye-Tazy Lin, et al. | Defendants' Response to Plaintiff's Unilateral Discovery Letter Brief | Case No. 5:21-cv-05946-NC |

**Other Issues**

On Friday, August 5, 2022 at 4:45 p.m., plaintiff's counsel first requested deposition dates from defendant. (*See* Exhibit 8) Plaintiff requested deposition dates for four (4) witnesses and demanded a response within one (1) business day, although the Court previously issued an Order stating the parties were only permitted to take (3) depositions each. (*See* ECF-22, Court's Case Management Scheduling Order, dated January 5, 2022)

The following business day, on Monday (August 8, 2022), defendants' counsel requested plaintiff's availability for deposition. (*See* Exhibit 9) Thereafter, defendants provided defendant James Lin's availability for deposition, which was promptly scheduled. (*See* Exhibit 10)

Plaintiff never provided a single date he was available for deposition and instead unilaterally noticed all four (4) depositions on August 15, 2022 to take place between August 26, 2022 and September 1, 2022, which was less than two (2) weeks later. (*See* Exhibit 11) Defendants objected to plaintiff's deposition notices since they were unilaterally scheduled in violation of Local Civil Rule 30-1 and defendants' counsel was unavailable on the dates selected by plaintiff on such short notice. (*See* Exhibit 12)

It is also worth noting that plaintiff's counsel waited over a week to notify defendants that plaintiff was unavailable for deposition indefinitely due to alleged hospitalization since July 27, 2022. In sum, plaintiff is refusing to produce plaintiff for deposition while seeking to punish defendants for not scheduling four (4) depositions in violation of the Court's previous Order limiting each party to three (3) depositions.

**Conclusion**

Defendants respectfully request the Court to disregard plaintiff's unilateral discovery letter brief since plaintiff refused to meet and confer with defendants in good faith regarding the aforementioned issues. Defendants further request the Court to issue an order to show cause for plaintiff's misrepresentations regarding defendants' alleged threats and extortion and refusal to meet and confer with defendants as required by Local Civil Rule 37-1.

-6-

Tianmao Zhu v. Tye-Tazy Lin, et al. | Defendants' Response to Plaintiff's Unilateral Discovery Letter Brief | Case No. 5:21-cv-05946-NC

Dated: August 17, 2022

LAW OFFICE OF C. ZANE BECKER

By: _____
Attorney for Defendants
JAMES LIN
L N T ENTERPRISE, INC.

-7-

Tianmao Zhu v. Tye-Tazy Lin, et al. | Defendants' Response to Plaintiff's Unilateral Discovery Letter Brief | Case No. 5:21-cv-05946-NC